CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 0 2 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SALLY F. CROY, | ) |
| Plaintiff, | ) Civil Action No. 5:06-cv-00107 |
| v. | ) MEMORANDUM OPINION |
| E. HALL & ASSOCIATES, P.L.L.C. and EDWARD R. HALL | ) By: Samuel G. Wilson ) United States District Judge |
| Defendants. | ) |

This matter is before the court for a determination of reasonable attorney's fees to be awarded to Sally Croy. For the reasons set forth below, the court will award Croy attorney's fees in the amount of $5,667.00.

I.

This action was brought by plaintiff Sally Croy against defendants E. Hall & Associates, P.L.L.C. and Edward Hall, alleging that the defendants violated the Fair Debt Collection Practices Act (FDCPA) in attempting to collect a consumer debt from Croy. On November 30, 2006, defendants served Croy with an offer of judgment, and on December 4, 2006 Croy accepted the offer. The offer of judgment itself contains ambiguities that were later clarified by email from the defendants to mean that the parties agreed that in addition to the amount of $1,001.00 in statutory damages, costs, expenses, and attorney's fees "accrued to date and as determined by the Court are included in the Offer."

Croy seeks the entry of judgment for costs and attorney's fees pursuant to Fed.R.Civ.P.

-1-

54(d) and the FDCPA, at 15 U.S.C. 1692k(a)(3). Both parties agree that costs in the amount of $459.81 will be awarded to Croy as part of the settlement agreement, but the parties disagree as to the amount of attorney's fees to be paid. Croy seeks a total of $5,667.00 in attorney's fees, a figure that the defendants have argued includes an excessive number of compensable hours. The court finds that Croy is entitled to attorney's fees under 15 U.S.C. 1629k(a)(3), and grants Croy a total award of $5,667.00.

## II.

The United States Court of Appeals for the Fourth Circuit has directed district courts, in exercising their discretion in determining the amount of attorney's fees to be awarded, to be guided by the factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). Those factors are: (1) the time and labor required; (2) whether there are any novel or difficult legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment by the attorney due to an acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case in the community; (11) the nature and length of the professional relationship with the client; and (12) attorney's fee awards in similar cases. See Daly v. Hill, 790 F.2d 1071, 1076 n.2 (4th Cir. 1986). Applying these Johnson factors, the court must calculate the reasonably hourly rate and the number of hours reasonably expended on the litigation, and then multiply the rate by the hours to determine the "lodestar figure," which is "presumed to be fully compensatory without producing a windfall" to the prevailing party's attorneys. See Trimper v. City of Norfolk, 58 F.3d 68 (4th

Cir.), cert. denied, 516 U.S. 997 (1995).

Croy's fee request is based upon her counsel's hourly billing rate of $375, and an hourly paralegal rate of $90. The defendants do not disagree with the $375 hourly rate, but dispute the number of hours for which Croy's attorney seeks compensation. Specifically, the defendants believe that Croy's attorney has billed excessive hours for his preparation of the complaint and is seeking compensation for work completed after the settlement offer was filed.

Croy's attorney has given a detailed description of the actions he took on behalf of his client in support of his claim for fees. He states he spent a total of 14.2 hours and his paralegal spent 3.8 hours working on this case prior to the filing of the settlement offer. He lists approximately 4.5 hours of his time and 1.6 hours of paralegal time spent preparing the complaint. He also seeks compensation for 2.3 hours in telephone calls during settlement negotiations but before service of the offer of judgment. Taking into account the Johnson factors, the 4.5 hours by Croy's attorney and 1.6 hours of paralegal time spent preparing the complaint appears to be a reasonable calculation considering the time and labor necessary to investigate and draft the multiple-claim complaint and factoring in counsel's expertise and experience in this area of the law. Additionally, the 2.3 hours spent in telephone calls during settlement negotiations but before service of the offer of judgment appear reasonable and compensable under the terms of the offer.

In addition to the $2,890.50 in fees sought for work done before receipt of the offer, Croy seeks an additional sum of $2,776.50 in attorney's fees for time spent up until Croy accepted the offer. When an offer of judgment clearly and unambiguously waives fees after the date of the

-3-

offer, attorney's fees after the date of such offer are generally excluded from an award.[1] Here, Croy claims she is entitled to recover post-offer attorney fees because the offer of judgment contained the additional language, "attorney's fees accrued to date *and as determined by the Court...*" (emphasis added). If the offer of judgment simply included "attorney's fees to date", then the plain language of the offer would only include fees up until the date of the offer.[2] However, the additional language of "and as determined by the court" leaves the amount of attorney's fees to be awarded ambiguous and leaves the court with discretion in awarding fees. The language was ambiguous enough to prompt Croy to seek clarification of the offer and the defendant's email clarification simply reiterated the same language of the offer and did not clarify the precise terms of the offer. Other courts have found language in settlement offers including "reasonable attorney fees as determined by the court" to be ambiguous and to include post-offer fees.[3] Similarly, in this case, the use of such language in combination with the "to date" language with respect to attorney's fees, leaves the precise amount of attorney's fees included in the offer ambiguous.

While the amount of damages a plaintiff recovers is relevant to the amount of attorney's fees awarded, it is only one of the several factors this court is to consider in determining the

---

[1] The Supreme Court has interpreted Rule 68 of the Federal Rules of Civil Procedure, which reads that offers of judgment include "costs then accrued" to mean that the plaintiff is entitled to attorney's fees accrued at the time of the offer. Marek v. Chesny, 473 U.S. 1, 9 (1985).

[2] See Guerrero v. Cummings, 70 F.3d 1111 (9th Cir. 1995), cert. denied 116 S.Ct. 2549. (Holding that the plain language of defendants' Rule 68 offer limiting fees and costs to those "incurred by this plaintiff prior to the date of this offer" meant that post-offer legal work was not compensable).

[3] See Holland v. Roeser, 37 F.3d 501 (9th Cir. 1994).

-4-

award of fees. See Yohay v. City of Alexandria Employees Credit Union, 817 F.2d 967, 974 (4th Cir. 1987). Courts have repeatedly held that proportionality between a consumer's recovery and the attorney's fees to be paid is not required in every action brought under the Consumer Credit Protection Act statutes such as the Fair Credit Reporting Act. See Id. at 974, Creighton v. Emporia Credit Service, Inc., 1998 U.S. Dist. Lexis 6589 at 14-15 (E.D. Va. 1998) (FDCA case holding that courts will generally not look to the size of the damages award in determining reasonable attorney's fees in consumer cases). In consumer protection cases such as this, where the monetary value of the case is typically low, requiring direct proportionality for attorneys fees would discourage vigorous enforcement of consumer protection statutes.

Additionally, the purpose of Rule 68 is to encourage settlement and to avoid protracted litigation. See Webb v. James, 147 F.3d 617, 622 (7th Cir. 1998). This can only be achieved if the offer of judgment makes clear the total amount of costs and attorney's fees that are included. Accordingly, because of the ambiguity in the offer attributable to the defendants who drafted it, Croy should be awarded attorney's fees for legal work done after receipt of the offer. Therefore, the court will award Croy attorney's fees in the amount of $5,667.00.

### III.

For the reasons set forth above, the court will award Croy costs in the amount of $459.81 and attorney's fees in the amount of $5,667.00.

ENTER: March 2nd, 2007.

_____
UNITED STATES DISTRICT JUDGE

-5-